UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOHN HENRY SPELL, JR.**<br>    **LA. DOC #359787**<br>**VS.** | **CIVIL ACTION NO. 3:16-CV-0752**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **CHAD LEE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff John Henry Spell, Jr. filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 8, 2016. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Tensas Parish Detention Center ("TPDC"), Water Proof, Louisiana. He has brought suit against Warden Chad Lee, Ms. Molly Graham and Lieutenant Brian Eubank and prayed for compensatory relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On July 3, 2015, plaintiff sent his application for post-conviction relief to be mailed via certified mail by prison staff. [Rec Doc. 11, p.3, ¶4] On July 7, 2105, the mail was returned to him with a notation that the postage cost was $8.77. *Id.* He returned the application stating that the money was in his account and subsequently signed an authorization for the warden to remove the funds from his account for mailing. *Id.* He filed an ARP on July 8, 2015, complaining that his application had not yet been mailed. [Rec. Doc. 11-1] On July 15, 2015, he received a response that

Molly Graham had, in fact, mailed the application on July 15, 2015. *Id.* Plaintiff tracked the mail on January 27, 2016 and came to the conclusion that the mail was sent out without a destination address, only a zip code, and had not been delivered to its final destination. [Rec. Doc. 11, p. 3, ¶4]

On July 28, 2016, the undersigned ordered plaintiff to amend his complaint to provide any additional details regarding his claim. Specifically, he was asked to provide the legal deadline for filing a post-conviction application in the trial court, proof that the package was mailed without an address and whether the trial court refused to accept the filing as untimely. [Rec. Doc. 15]

On August 24, 2016, plaintiff filed an amended complaint, in accordance with the Court's order. He asserted that the legal deadline for filing his application for post-conviction relief was February 14, 2016, an assertion he bolstered by providing by a copy of a March 10, 2014, correspondence from the Louisiana Supreme Court stating that the "Court denied [his] application on February 14, 2014 under number 2013-KH-1747." [Rec. Doc. 16-1, p.4]

With respect to the request for proof that the package was mailed without an address, plaintiff submitted a Product Tracking and Reporting document from the United States Postal Service. [Rec. Doc. 16-1, p. 5] The document does display the destination and origin in Zip Code/City/State form. However, it also provides proof of DELIVERY of the package on "7/17/2015, 12:02:49," as well as an item number matching that on the Postal Service's delivery confirmation receipt, which contains the address of the "Clerk, 41st Jud. Dist, 2700 Tulane Ave., N.O. 70119" [Rec. Doc. 16-1, p.2].

Plaintiff did not provide any ruling from the Trial Court stating that his application was denied as untimely.

Upon making the determination that his application was not received by the trial court, plaintiff mailed another copy to the trial court on February 14, 2016, which was received on February 17, 2016. [Rec. Doc. 16-1, p.8] He contends that this application would likely be untimely, as the for filing same was February 14, 2016, as the Louisiana Supreme Court denied his writ application on direct appeal on February 14, 2014. [Rec. Doc. 16, p.1]

### *Law and Analysis*

Plaintiff's complaint alleges that he has been denied access to the court by virtue of his application for post-conviction relief being mishandled by TPDC staff. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Further, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was <u>prejudiced</u> by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "<u>actual injury</u>" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. In other words, plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading.

The exhibits provided by plaintiff do not support a claim that he suffered any injury. To the contrary, they demonstrate that his application for post-conviction relief was timely filed by the

3

prison officials, on July 15, 2015 [Rec. Doc. 16-1, p.2], and received by the Clerk of Court on July 17, 2015, at 12:02:49 [Rec. Doc. 16-1, p.5]. Accordingly, as plaintiff has not shown that he was prejudiced in any way, nor did he show an "actual injury," he has failed to state a claim upon which relief may be granted and his claim must be dismissed as frivolous.

### *Recommendation*

Therefore, considering the foregoing,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 17, 2016.

```
_____
         KAREN L. HAYES
  UNITED STATES MAGISTRATE JUDGE
```